741 A.2d 85

*IN THE MATTER OF IGNACIO SAAVEDRA,
JR., AN ATTORNEY AT LAW.*

December 10, 1999.

## ORDER

The Disciplinary Review Board on July 9, 1999, having filed with the Court its decision concluding that **IGNACIO SAAVEDRA, JR.,** of **UNION CITY,** who was admitted to the bar of this State in 1972, and who was suspended from the practice of law for a period of three months effective February 10, 1997, and who remains suspended at this time, should be suspended from the practice of law for a further period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.16(c) (failing to continue client representation after being ordered to do so by a tribunal), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having concluded further that prior to reinstatement respondent should be required to demonstrate his fitness to practice and to complete successfully the Skills and Methods Course offered by ICLE, and that on reinstatement to practice respondent should be required to practice law under the supervision of a practicing attorney for a period of two years;

And good cause appearing;

It is ORDERED that **IGNACIO SAAVEDRA, JR.,** is suspended from the practice of law for a period of three months and until

the further Order of the Court, effective immediately; and it is further

ORDERED that prior to any application for reinstatement to practice respondent shall submit proof of his fitness to practice law; and it is further

ORDERED that prior to any application for reinstatement respondent shall submit proof that he has successfully completed ten hours of courses in professional responsibility and a course in professionalism for attorneys offered by the Institute for Continuing Legal Education; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.